IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02207-RPM-CBS

AURORA BANK FSB, a Federal Savings Bank,
    Plaintiff,
v.

AMERICA HOMEKEY, INC., a Texas Corporation,
    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on "Aurora Bank FSB's Motion for Entry of Default Judgment under Rule 55(b)(1)." Pursuant to the Order of Reference dated May 28, 2013 (Doc. # 21), the Motion was referred to the Magistrate Judge. The court has reviewed the Motion, the affidavit and exhibit, the proceedings held on April 17, 2013 and July 30, 2013, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Plaintiff Aurora Bank filed this civil action on August 20, 2012 to recover money damages from Defendant America Homekey, Inc. ("Homekey") for breach of contract, breach of express warranty, and unjust enrichment based on a Loan Purchase Agreement ("Agreement") for the sale and purchase of residential mortgage loans. (*See* Complaint (Doc. # 1), Agreement (Doc. # 1-1)). Aurora Bank filed an initial Motion for Entry of Default Judgment on February 2, 2013. (*See* Doc. # 13). On May 24, 2013, Aurora Bank moved to withdraw its initial Motion and filed the instant Motion for Entry of Default Judgment, removing its request for attorney fees and seeking a sum certain or a sum that can be made certain by computation. (*See* Docs. # 19, # 20, # 22).

    Default judgment may enter against a party who fails to appear or otherwise defend.

1

Pursuant to Fed. R. Civ. P. 55(b), judgment by default may be entered:

> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

"[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court." *Cablevision of Southern Connecticut, Limited Partnership v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001) (internal quotation marks and citation omitted). "[I]n civil cases, where a party fails to respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party." *Cablevision*, 141 F. Supp 2d at 282 (internal quotation marks and citation omitted). *See also Weft, Inc. v. G.C. Investment Assocs.*, 630 F. Supp. 1138, 1143 (D.C.N.C. 1986) ("upon a default, a plaintiff is entitled to a determination of liability unless he has failed to state a legal basis for relief or it is clear from the face of the complaint that the allegations are not susceptible of proof").

In determining whether a claim for relief has been established, the well-pleaded facts in the complaint are deemed true. *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). *See also DIRECTV, Inc. v. Bloniarz*, 336 F. Supp. 2d 723, 725 (W.D. Mich. 2004) ("It is well-established that once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability"). In addition, the court accepts the undisputed facts set forth in the affidavit and exhibit. (*See* Doc. # 20-1, # 20-2).

The court has jurisdiction over the subject matter of this action based on diversity of citizenship between Plaintiff and Defendant and an amount in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). (*See*

*also* Doc. # 1 at ¶¶ 3-5). Venue is appropriate in this District, as a substantial part of the events or omissions giving rise to the claim occurred in Colorado, the Agreement at issue was to be performed in Colorado, and the subject loans were serviced in Colorado. *See* 28 U.S.C. § 1391(b). (*See also* Doc. # 1 at ¶ 6). The court has personal jurisdiction over Homekey based upon service of copies of the Summons and Complaint. (*See* Summons and Proof of Service (Doc. # 6)). Homekey is a Texas corporation with its principal place of business in Dallas, Texas, and is not an infant or incompetent person. (*See* Doc. # 1 at ¶ 4, Doc. # 1-1). As of this date, Homekey has not appeared, filed an Answer, or otherwise responded in this action. On February 12, 2013, the Clerk of the Court entered default against Homekey pursuant to Fed. R. Civ. P. 55(a). (*See* Doc. # 14).

The Complaint is supported by the well-pleaded allegations and the evidence. The well-pleaded allegations and undisputed evidence before the court demonstrate that Homekey has breached its obligation under the Agreement to either repurchase or indemnify Aurora Bank for eight residential mortgage loans sold to Aurora Bank. (*See* Affidavit of Aurora Bank FSB (Doc. # 20-1) at ¶¶ 2-12). Aurora Bank has suffered damages up to July 30, 2013 in the amount of $793,927.00. (*See id.* at ¶ 10, *see also* representations made by counsel for Aurora Bank at Motion Hearing held on July 30, 2013). Homekey is liable to Aurora Bank for payment of damages in the amount of $793,927.00 plus prejudgment interest at the contractual rate of 9.0% per annum.

Accordingly, IT IS RECOMMENDED that:

1.  "Aurora Bank FSB's Motion for Entry of Default Judgment under Rule 55(b)(1)" (filed May 24, 2013) (Doc. # 20) be GRANTED.

2.  That pursuant to Fed. R. Civ. P. 55(b)(1), the Clerk of the Court be directed to enter default judgment on the Complaint in favor of Plaintiff Aurora Bank FBS and against

Defendant America Homekey, Inc. in the amount of $793,927.00 as of July 30, 2013 plus prejudgment interest from July 30, 2013 at the contractual rate of 9.0% per annum.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right

to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 1st day of August, 2013.

BY THE COURT:


  s/Craig B. Shaffer
United States Magistrate Judge